# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM FORTMAYER AND RYAN BEGNEAUD, individually and o/b/o persons similarly situated,** | **NO. 19-14667** |
| | **DIVISION: D(3)** |
| **VERSUS** | **JUDGE VITTER** |
| **GENERAL MOTORS LLC AND LESON CHEVROLET CO., INC.** | **MAGISTRATE JUDGE DOUGLAS** |

## PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, William Fortmayer and Ryan Begneaud, individually and o/b/o persons similarly situated, who now supplement and amend their original Class Action Petition as follows, otherwise reiterating and re-averring all of the allegations, claims and prayers for relief contained in the original Class Action Petition as if copied herein in extenso:

I.

By supplementing and amending plaintiffs' Original Class Action Petition for Damages to substitute  the following paragraph for original paragraph 21., to read as follows:

"21.

Upon information and belief, the "**CLASS VEHICLES**" consist of named plaintiff vehicles along with the following GM-manufactured diesel-fueled U.S. automobiles:

1

- 2011-2016 2500HD Silverado 6.6L V8 Duramax Diesel Trucks with LML engines;

- 2011-2016 3500HD Silverado 6.6L V8 Duramax Diesel Trucks with LML engines;

- 2011-2016 2500HD Sierra 6.6L V8 Duramax Diesel Trucks with LML engines;

- 2011-2016 3500HD Sierra 6.6L V8 Duramax Diesel Trucks with LML engines;

- 2010-2011 Chevrolet Express van with Duramax LGH engines;
- 
- 2010-2011 GMC Savana van with Duramax LGH engines;

- 2010-2011 GMC Sierra trucks with RPO ZW9 (chassis cabs or trucks with pickup box delete) with Duramax LGH engines;

- 2011-2012 Chevrolet 2500HD Silverado 6.6L V8 Duramax Diesel Trucks with LGH engines;

- 2011-2012 Chevrolet 3500HD Silverado 6.6L V8 Duramax Diesel Trucks with LGH engines;

- 2011-2012 Chevrolet 2500HD Sierra 6.6L V8 Duramax Diesel Trucks with LGH engines; and

- 2011-2012 Chevrolet 3500HD Sierra 6.6L V8 Duramax Diesel Trucks with LGH engines."

II.

By supplementing and amending plaintiffs' Original Class Action Petition for Damages to add the following subparagraphs to paragraph 23., to read as follows:

"23.A

Similar class action lawsuits have been filed and are being or attempting to

2

be consolidated in the *Chapman v. General Motors LLC,* No. 2:19-cv-12333 (E.D. MI) case. Plaintiffs' counsel in those proceedings have researched and established extensive facts, including but not limited to the following:

23.B

General Motors solicited Bosch to provide the CP4 fuel pumps for General Motors's Duramax engines in the 2010 and 2011 model years. General Motors knew that the Bosch CP4 pump was inappropriate for diesel vehicles in the U.S. In order to reduce costs and increase fuel efficiency, General Motors sold vehicles with a fuel injection pump that was clearly out of specification as the 520 wear scar specification of American diesel fuel is inadequate to lubricate the Bosch CP4 pump for the U.S. market.

23.C

The Bosch CP4 pump struggles to supply adequate fuel to the engine under the lower pressure of new engines. The combination of the low volume of fuel, which is under constant suction, and the low lubricity of the fuel, allows cavitation of the fuel. Air pockets form inside the pump during operation. These air bubbles allow metal to rub against metal. General Motor had achieved greater fuel efficiency at the expense of running the pump dry.

23.D

As the Bosch CP4 pump wears, it sends metal shavings and/or larger particles throughout the fuel system. As the shavings disperse and contaminate the engine and the high-pressure fuel system, it is only a matter of time before the entire engine

system fails. The failure of a CP4 pump requires repair or replacement of the entire high-pressure fuel system, repair costs averaging between $8,000-$20,000.

### 23.E

The Bosch CP4 pump was known to be defective and incompatible with U.S. diesel fuel prior to General Motor's usage of it, as early as 2008, with American Audi and Volkswagen vehicles. Nonetheless, General Motors chose to use the defective pump in the class vehicles beginning with 2011 models.

### 23.F

Upon information and belief, data General Motors provided to NHTSA'S Office of Defect Investigations from October-December 2011 was sufficient to detect a serious defect involving the CP4 pumps in class vehicles.

### 23.G

Upon information and belief, in August 2014, General Motors issued an internal service bulletin to dealers acknowledging class vehicle fuel injection pump problems. Upon information and belief, General Motors stopped equipping class vehicles with CP4 pumps after the 2016 model year.

### 23.H

General Motors provided an express 60-month, 100,000 mile written warranty to the class vehicles it manufactured. Upon information and belief, General Motors has repeatedly refused to honor its warranties, claiming that the metal shavings caused by the CP4 pump failures voided the warranty because they also caused fuel contamination. General Motors induced plaintiffs and class members to

4

pay a premium for increased durability, performance and fuel efficiency, with a design General Motors knew would cause fuel contamination.

23.I

Upon information and belief, General Motors continues to market and sell class vehicles through "Certified Pre-Owned" program, actively concealing the facts of the defective condition of class vehicles to new buyers and/or lessors.

23.J

Upon information and belief, manufacturer defendant, General Motors, has impliedly or expressly acknowledged that General Motors-authorized dealerships are its sales agents, the dealers have accepted that undertaking, General Motors has the ability to control authorized General Motors dealers, and General Motors acts as the principal in that relationship."

III.

By supplementing and amending plaintiffs' Original Class Action Petition for Damages to add the following subparagraphs to paragraph 57., to read as follows:

"57.A

**COUNT 4**

<u>**UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**</u>

As fully set forth herein, plaintiffs incorporate by reference, each and every allegation set forth in the preceding paragraphs and further allege as follows.

57.B

Plaintiffs hereby invoke, allege and assert the provisions of the Louisiana

Unfair Trade Practices and Consumer Protection Law (LCPL), La. R.S. 51:1401, *et seq*.

### 57.C

At all relevant times hereto, plaintiffs, class members and defendant General Motors are "persons" pursuant to La. R.S. 51.1402(8).

### 57.D

At all relevant times hereto, plaintiffs and class members are "consumers" pursuant to La. R.S. 51.1402(1).

### 57.E

At all relevant times hereto, General Motors engaged in  "trade" or "commerce"  pursuant to La. R.S. 51.1402(10).

### 57.F

Plaintiffs and class members allege that General Motors violated  the Louisiana Unfair Trade Practices and Consumer Protection Law, in the following non-exclusive particulars, to-wit:

a.)    Participating in misleading, false, or deceptive acts;

b.)    Systematically concealing the incompatibility of the CP4 fuel pump in the class vehicles with U.S. diesel fuel;

c.)    Failing to disclose  the incompatibility of the CP4 fuel pump in the class vehicles with U.S. diesel fuel;

d.)    Misrepresenting material facts regarding class vehicles with intent to mislead plaintiffs and class members;

e.)    Employing deceptive acts or practices, fraud, misrepresentation, or concealment, suppression or omission of material facts with intent that plaintiffs and class members would rely on such deceptive acts or practices, fraud, misrepresentation, or concealment, suppression or omission, in connection with the sale or lease of a class vehicle.

57.G

As a direct and proximate result of defendant's violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, plaintiffs and class members suffered the injuries and damages set forth herein, including, but not limited to overpaying for their class vehicles, diminution in value of their class vehicle.

57.H

Plaintiffs and class members are entitled to damages, including, but not limited to, actual damages in an amount to be determined at trial; treble damages for General Motor's knowing violations of LCPL; an order enjoining General Motor's unfair, unlawful, and/or deceptive practices, declaratory relief, attorney's fees and costs as well as any other legal and equitable relief to which plaintiffs may be entitled pursuant to La. R.S. 51:1409.

57.I

## COUNT 5

## FRAUDULENT CONCEALMENT

As fully set forth herein, plaintiffs incorporate by reference, each and every allegation set forth in the preceding paragraphs and further allege as follows.

57.J

Plaintiffs and class members allege that General Motors engaged in fraudulent activities, in the following non-exclusive particulars, to-wit:

a.)    Participating in misleading, false, or deceptive acts;

b.)    Systematically concealing the incompatibility of the CP4 fuel pump in the class vehicles with U.S. diesel fuel;

c.)    Failing to disclose the incompatibility of the CP4 fuel pump in the class vehicles with U.S. diesel fuel in order to defraud and mislead plaintiffs and class members about the defective nature of class vehicles;

d.)    Intentionally concealing and suppressing material facts regarding class vehicles with intent to mislead plaintiffs and class members;

e.)    Intentionally concealing and suppressing material facts concerning the durability and performance of the Bosch CP4 fuel pump in the class vehicles with intent to mislead plaintiffs and class members;

f.)    Acting with reckless disregard in denying plaintiffs and class members information that is highly relevant in their purchasing or leasing a class vehicle;

g.)    Intentionally and fraudulently marketing and advertising class vehicles for increased durability, performance and longevity.

57.K

The foregoing fraudulent activities impacted the value of class vehicles and

the decision of plaintiffs and class members to purchase or lease a class vehicle, and general motors induced or intended to induce plaintiffs and class members to purchase a class vehicle.

57.L

As a direct and proximate result of defendant's fraudulent activities, plaintiffs and class members suffered the injuries and damages set forth herein, including, but not limited to overpaying for their class vehicles, diminution in value of their class vehicle, purchasing a defective vehicle, and paying for fuel additives and other preventative measures to avoid fuel pump failure.

57.M

Plaintiffs and class members are entitled to damages, including, but not limited to, actual damages in an amount to be determined at trial; along with an assessment of punitive damages as allowed by law, in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

57.N

**COUNT 6**

**THE MAGNUSON-MOSS WARRANTY ACT**

As fully set forth herein, plaintiffs incorporate by reference, each and every allegation set forth in the preceding paragraphs and further allege as follows.

57.O

Plaintiffs hereby invoke, allege and assert the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

9

57.P

This Court has jurisdiction over 15 U.S.C. § 2301 claims by virtue of 28 U.S.C. § 1332(a)-(d).

57.Q

At all relevant times hereto, class vehicles are "consumer products" within the meaning of the Magnuson-Moss Act 15 U.S.C. § 2301(1) . Plaintiffs and class members are "consumers" within the meaning of the Magnuson-Moss Act 15 U.S.C. § 2301(3) because they are persons entitled under Louisiana law to enforce against the warrantor, the obligations of its implied warranties.

57.R

At all relevant times hereto, General Motors is a "supplier" and "warrantor"within the meaning of the Magnuson-Moss Act 15 U.S.C. § 2301(4)-(5).

57.S

15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

57.T

General Motors provided plaintiffs and class members with an implied warranty of merchantability in connection with the purchase or lease of their vehicles and all class vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Act 15 U.S.C. § 2301(7). General Motors warranted that the class vehicles were fit for their ordinary purpose as safe, American-diesel-fuel compatible vehicles, would pass without objection in the trade as designed, manufactured and

marketed, and were adequately contained, packaged and labeled.

57.U

General Motors breached its implied warranties and is therefore liable to plaintiffs and class members pursuant to 15 U.S.C. § 2310(d)(1). Class vehicles share a common defect in that they are all equipped with a Bosch CP4 high-pressure fuel injection pump which is not compatible with the lubricity of American diesel fuel. This incompatibility causes the class vehicles to suddenly fail during normal operation, leaving occupants of class vehicles vulnerable to crashes, serious injury and death. The incompatibility renders class vehicles sold or leased unmerchantable and unfit for their ordinary use of driving in America with standard American diesel fuel.

57.V

In its capacity as warrantor, General Motors had knowledge of the inherently defective nature of the fuel-injection system of class vehicles and any effort to disclaim or otherwise limit implied warranties to exclude coverage of the class vehicles is null and void.

57.W

Pursuant to  15 U.S.C. § 2310(e), plaintiffs are entitled to bring this class action and are not required to give General Motors notice and an opportunity to cure until such time as this Court determines the representative capacity of plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.X

Plaintiffs would suffer economic hardship if they returned their class vehicles but did not receive the return of all payments made by them. Due to General Motors refusing to acknowledge any revocation of acceptance and return immediately any payments made, plaintiffs have not re-accepted their class vehicles by retaining them.

57.Y

The amount in controversy of plaintiffs' individual claims meets or exceeds the sum of \$25. The amount in controversy of this action exceeds the sum of \$50,000.00, exclusive of interests and costs, computed on the basis of all claims to be determined in this lawsuit. Plaintiffs, individually and on behalf of all class members, seek all damages permitted by law, including but not limited to diminution in value of their vehicles, in an amount to be proven at trial. In addition, pursuant to 15 U.S.C. § 2310(d)(2), plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by the plaintiffs and class members in connection with the commencement and prosecution of this action. Plaintiffs also seek to establish a General Motors funded program for plaintiffs and class members to recover out of pocket costs incurred in attempting to rectify and/or mitigate the effects of the CP\$ incompatibility defect in their class vehicles."

**WHEREFORE,** plaintiffs, individually and on behalf of all class members who have purchased or leased the defective CLASS VEHICLES, pray that this Honorable Court grant

plaintiffs' motion for leave to file this **FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**, and plaintiffs reiterate the prayers of their original Class Action Petition for Damages as if copied herein in extenso and further pray that there be judgment herein in favor of plaintiffs against defendant in an amount sufficient to adequately compensate the members of the Plaintiff Class for the damages each of them has sustained, together with legal interest from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief this Court deems just and appropriate.

Respectfully submitted,

LAW OFFICES OF SIDNEY D. TORRES, III,
A PROFESSIONAL LAW CORPORATION

BY:   s/ BEAU F. CAMEL_____
       SIDNEY D. TORRES, III (No. 12869)
       ROBERTA L. BURNS (No. 14945)
       BEAU F. CAMEL (No. 30231)
       VALERIE L. RODRIGUE No. 37523
       8301 West Judge Perez Drive, Suite 303
       Chalmette, Louisiana 70043
       Telephone: (504) 271-8422
       Facsimile: (504) 271-1961
       E-mail:    storres@torres-law.com
                 rburns@torres-law.com
                 bcamel@torres-law.com
                 vrodrigue@torres-law.com

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Beau F. Camel
BEAU F. CAMEL